IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02782-WJM-MEH

THE CENTER FOR RIGHTS OF PARENTS WITH DISABILITIES, a Colorado corporation,

   Plaintiff,

v.

COLORADO HOMELESS FAMILIES, INC., a Colorado corporation, d/b/a R. B. Ranch, Inc.,

   Defendant.

---

## ORDER ON MOTION TO STAY PROCEEDINGS

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Joint Motion for Stay of Proceedings [filed January 17, 2014; docket #19]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #20]. The Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the joint motion.

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, the parties have reached a settlement in principle and seek protection from the burdensome expense of responding to a pending dispositive motion and discovery at this stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."

*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted).

The following five factors guide the Court's determination:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955,

at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality*

*Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay of discovery is appropriate in this case.

With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with his case against the burden on a defendant of going forward. In this case, the motion is made jointly; therefore, the parties' interests are balanced equally. Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. There appear to be no interested persons other than the parties in this action, and the Court will not be inconvenienced by a temporary stay to allow the parties to complete settlement negotiations.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of the proceedings is justified and will be imposed in this matter.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the Joint Motion for Stay of Proceedings [filed January 17, 2014; docket #19] is **granted**. A temporary stay of discovery and of briefing on the pending motion to dismiss are hereby imposed in this case. The parties shall file dismissal papers or a joint status report on or before February 18, 2014.

3

Dated at Denver, Colorado, this 17th day of January, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge